UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL CLARK, | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No. 20-361JJM |
| | : |
| CITY OF PROVIDENCE, et al., | : |
|     Defendants. | : |

**ORDER**

    Plaintiff Michael Clark is an African-American male who entered the 69th Providence Police Academy class in 2018 and alleges he was "subjected to retaliation based on his exercise of free speech and race based harassment and discrimination by Defendants" culminating in his termination from the Police Academy. ECF No. 34 at 3. His Complaint asserts that, during his time at the Academy, he was subjected to a series of overtly racist incidents amounting to harassment/hazing, including adverse actions disciplining him for rap songs critical of the police that he performed prior to entering the Academy and which were known to the Academy when he was accepted.

    Now pending before the Court is Plaintiff's motion to compel further responses to requests for production from Defendant City of Providence ("Defendant"). ECF No. 34. Plaintiff's motion is focused on Requests 2, 3, 6, 8, 9, and 11 ("Requests"), which asked for comparator evidence, consisting of all documents – not only complete personnel files, but also all documents related to complaints of harassment, discipline, performance reviews and progress through the Academy – related to every individual who attended the Providence Police Academy but left for reasons other than physical injury. ECF No. 34. Plaintiff sought these records for the three Academy classes preceding his class and all classes since. Id. Defendant objected, arguing

that Plaintiff's Requests are overbroad, disproportionate to the needs of the case and seek highly sensitive personal information regarding individuals who are not parties to this case, as well as that Plaintiff failed to meet and confer before filing the motion.[1]  ECF No. 35-1.

Having held a hearing on the motion, and finding that Plaintiff's Requests are overbroad and disproportionate, the Court hereby grants the motion in part and denies it in part in that Defendant is ordered to comply with the Requests in issue by producing the following documents (or information in the form of sworn interrogatory answers in lieu of documents), redacted to conceal personal identifying information, for the three Academy classes preceding Plaintiff's class and all classes since:

1. For each individual who terminated from the Police Academy for any reason other than physical injury, documents sufficient to show race and the reason(s) given for termination.[2]

2. For each individual who terminated from the Police Academy for an excessive number of demerits, documents sufficient to show the reason(s) given for each demerit received.

---

[1] After the motion was filed, the parties conferred for the first time but were unable to make any headway.  In light of this belated and unsuccessful meet and confer, during the hearing, the Court overruled Defendant's objection based on non-compliance with Fed. R. Civ. P. 37(a) as moot.  Nevertheless, the Court cautions that a movant who files a Fed. R. Civ. P. 37(a) motion, with the plan of meeting and conferring only after filing the motion, is at risk that it will be summarily denied.

[2] During the hearing, Plaintiff asked the Court to order production of the "request for dismissal" and the "dismissal" for each such individual.  In support, Plaintiff filed a partial copy of his own "[r]equest for [d]ismissal."  ECF No. 39.  The problem is that Plaintiff's "[r]equest for [d]ismissal" is a long and very detailed description of alleged incidents of misconduct by Plaintiff.  In this case, the racist and retaliatory treatment that Plaintiff alleges was not covert but rather was explicit, open and overt.  Therefore, similarly detailed articulations of serious but completely different and unrelated allegations of misconduct by other recruits who ultimately were dismissed is simply not relevant to the retaliatory and racist harassment and hazing alleged by Plaintiff.  To the extent that the documents ordered to be produced establish or suggest that some aspect of this material is actually relevant to the issues in this case, the parties are directed to meet and confer and Plaintiff may return to the Court if truly relevant material is still withheld.

3. For each individual who terminated from the Police Academy for any reason other than physical injury, and who was identified by the Academy as being African American, documents sufficient to show any claim or complaint of harassment or hazing due to race made by such individual and all documents related to any such claim or complaint.

4. For each individual who terminated from the Police Academy for any reason other than physical injury, and who, to the knowledge of the Academy, engaged in speech prior to or during attendance at the Police Academy that was critical of the police and that resulted in discipline, hazing or harassment, all documents related to the discipline, hazing or harassment resulting from such speech.[3]

Based on the foregoing, Plaintiff's motion to compel further responses to requests for production from Defendant (ECF No. 34) is granted in part and denied in part.[4] The parties are directed to meet and confer regarding the timing of Defendant's production as required by this Order.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 5, 2022

---

[3] Because identifying information is being redacted, Defendant's compliance with this Order shall provide the documents or information in a format that allows responsive material pertaining to the same individual to be connected. For example, if an individual's race and reason for termination is provided in response to ¶1, that information should link to information pertaining to the same individual provided in response to ¶ 4, so that Plaintiff can determine the race and reason for termination of an individual who was disciplined for speech critical of the police.

[4] As the Court noted at the hearing, Defendant is cautioned that it may not withhold documents covered by the Requests and then use them in connection with its defense of this case. That is, to the extent that any of the Requests seek documents relevant to Defendant's defenses, Defendant must produce them now or be barred from relying on them.